UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3:21-CR-23-CHB-1 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| PARRISH L. HAYDEN, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Movant/Defendant Parrish L. Hayden filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [R. 51]. The Court reviewed the motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Upon review, the Court directed Hayden to show cause why the motion should not be dismissed as barred by the applicable one-year statute of limitations. [R. 54]. Hayden filed his response to the Show Cause Order. [R. 55]. For the reasons set forth below, the Court will deny the motion as untimely.

## I.

On December 10, 2021, after Hayden pleaded guilty to distribution of fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine, distribution of fentanyl, possession of a firearm in furtherance of drug trafficking, and possession of a firearm by a prohibited person, the Court entered a Judgment and Commitment Order in which Hayden was sentenced to a total term of one hundred eighty months of imprisonment. [R. 37]. Hayden did not

file a direct appeal.  Hayden signed the instant § 2255 motion on July 12, 2023,[1] raising ineffective

assistance of counsel related to his sentencing hearing.  *See* [R. 51, p. 12].

## II.

Section 2255 provides for a one-year limitations period, which shall run from the latest

of:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* § 2255(f).

When a § 2255 movant does not pursue a direct appeal to the court of appeals, his

conviction becomes final on the date on which the time for filing such appeal expires.  *See Sanchez-*

*Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004).  Judgment was entered in this case

on December 10, 2021, meaning the judgment became final on December 24, 2021, upon the

expiration of the 14-day period for filing a notice of appeal.  *See* Fed. R. App. P. 4(b)(1)(A)(i).

The one-year statute of limitations, therefore, expired on December 24, 2022.  Thus, Defendant's

motion appears to be time-barred under § 2255(f) and subject to summary dismissal.

---

[1] Under the prison mailbox rule, a *pro se* prisoner's pleading is deemed filed when it is handed over to prison officials for mailing to the Court, which the Court assumes occurs on the date the prisoner signed the pleading, absent contrary evidence.  *See, e.g.*, *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

However, because § 2255's one-year statute of limitations is not jurisdictional, it is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001) *abrogated on other grounds by Hall v. Lebanon Corr. Inst.*, 662 F.3d 745 (6th Cir. 2011). "'Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000). A movant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys*, 209 F.3d at 561. "The [movant] bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

Before dismissing the action as time-barred, the Court provided Hayden with an opportunity to show cause why he is entitled to equitable tolling. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). In Hayden's response to the Show Cause Order, he argues that he is entitled to equitable tolling because he lacked notice and "constructive knowledge" of the filing requirement. [R. 55 p.1]. Hayden explains that his defense attorney failed to deliver paperwork to him and failed to contact him, despite his attempts to contact her. *Id.* He argues that his inability to meet the mandated deadline unavoidably arose from circumstances beyond his control. *Id.*

It is well-settled that a movant's *pro se* status and his lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse his late filing of the motion.

*Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012); *see also Griffin*, 399 F.3d at 637 (recognizing that ignorance of the law alone does not warrant equitable tolling); *Price v. Jamrog*, 79 F. App'x 110, 112 (6th Cir. 2003) (order) (recognizing that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing"); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (concluding that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . ., there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer"); *United States v. Aydelott*, 5:13CR-31-TBR, 2017 WL 5894226, *2–3 (W.D. Ky. Nov. 29, 2017) (lack of knowledge of federal law does not excuse prompt filing).  Therefore, Hayden has failed to establish that equitable tolling is warranted in this case.

For these reasons, the Court concludes that this action is untimely and will dismiss this action.

## III.

An individual who unsuccessfully moves to vacate, set aside, or correct his sentence pursuant to § 2255 in a federal district court and subsequently seeks appellate review must secure a Certificate of Appealability ("COA") from either "a circuit justice or judge" before the appellate court may review the appeal.  28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b).  A district court must issue or deny a certificate of appealability and can do so even though the movant has yet to make a request for such a certificate.  *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam).

When a district court denies a motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon consideration, the Court is satisfied that no jurists of reason would find debatable whether it is correct in its procedural ruling that the § 2255 motion is untimely. Thus, no certificate of appealability is warranted in this case.

The Court will enter a separate Order consistent with this Memorandum.

This the 15th day of December, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:     Defendant, *pro se*
        United States Attorney
A958.014